Jordon Harlan, Esq. (CA #273978)
**HARLAN LAW, P.C.**
2447 Pacific Coast Highway, 2nd Floor
Hermosa Beach, CA 90254
Telephone: (619) 870-0802
Fax: (619) 870-0815
jordon@harlanpc.com

Adam J. Kress, Esq. (MN #0397289)
*Pro Hac Vice to be filed*
Anna R. Rick, Esq. (MN #0401065)
*Pro Hac Vice to be filed*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff Deidure Wells***

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEIDURE WELLS,** an individual,<br><br>Plaintiff,<br><br>**v.**<br><br>**WOLFGANG PUCK ENTERPRISES, INC.,** a California Corporation; **WOLFGANG PUCK WORLDWIDE, INC.,** a Delaware Corporation; **W.P. PRODUCTIONS, INC.,** a Florida Corporation; and **W.P. APPLIANCES, INC.,** a Florida Corporation,<br><br>**Defendants.** | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. Strict Products Liability<br><br>2. Negligent Products Liability<br><br>3. Breach of Express Warranty<br><br>4. Breach of Implied Warranty of Merchantability<br><br>5. Breach of Implied Warranty of Fitness for a Particular Purpose<br><br>6. Fraudulent Misrepresentation<br><br>7. Negligent Misrepresentation |

Plaintiff, **DEIDURE WELLS** (hereinafter, "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **HARLAN LAW, P.C.**, hereby submits the following Complaint and Demand for Jury Trial against Defendant **WOLFGANG PUCK ENTERPRISES, INC.** (hereinafter, "Wolfgang Enterprises"), Defendant **WOLFGANG PUCK WORLDWIDE, INC.** (hereinafter, "Wolfgang Worldwide"), Defendant **W.P. PRODUCTIONS, INC.** (hereinafter, "W.P. Productions"), and Defendant **W.P. APPLIANCES, INC.** (hereinafter, "W.P. Appliances")(collectively referred to as "Defendants"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## **NATURE OF THE CASE**

1.     Defendants design, manufacture, license, market, import, distribute and sell a wide-range of consumer kitchen products, including the subject "Wolfgang Puck Bistro 7-QT 4-in-1 Pressure Cooker," which specifically includes the Model Number BPCR0007 (hereinafter, "pressure cooker(s)") that is at issue in this case.

2.     Defendants tout the "safety"[1] of their pressure cookers, and state that "[a]s a safety feature, the lid will not open unless all pressure is reduced."[2] Despite their claims of "safety," Defendants designed, manufactured, licensed, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects pose a significant risk of bodily harm and injury to consumers.

3.     Specifically, said defects manifest themselves when, despite Defendants' statements to the contrary, the lid of the pressure cooker is capable of being removed while built-up pressure, heat, and steam remain inside the unit.   When the lid is

---

[1] *See*, e.g. Wolfgang Puck BPCR0005 Use and Care manual, pg. 10. A copy of the Use and Care manual is attached hereto as "Exhibit A."  The Wolfgang Puck BPCR0005 Model is the 5-Quart version of the BPCR0007, and has near identical, if not identical, features.

[2] *Id.*

COMPLAINT AND DEMAND FOR JURY TRIAL

removed under such circumstances, the pressure trapped within the unit forces the scalding hot contents to be forcibly ejected from the unit and onto any person or thing in the vicinity, including onto unsuspecting consumers, their families, and other bystanders.  The Plaintiff in this case was able to remove the lid of the pressure cooker while the unit retained pressure, which caused its contents to explode out of the unit, resulting in catastrophic bodily injuries and damages.

4.     Defendants knew or should have known of these defects, but nevertheless decided to put profit ahead of safety by continuing to sell their pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers, despite the risk of significant injuries to Plaintiff and consumers like her.

5.     As a direct and proximate result of Defendants' collective conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

### PLAINTIFF DEIDURE WELLS

6.     Plaintiff is a resident and citizen of the city of Hinesville, County of Liberty, State of Georgia.  Plaintiff is therefore deemed to be a resident and citizen of the State of Georgia for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

7.     On or about November 26, 2020, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker retained pressure, during the normal, directed use of the Pressure Cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety" mechanisms, which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of Defendants' failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

<u>**DEFENDANTS WOLFGANG PUCK ENTERPRISES, INC.; WOLFGANG**</u>
<u>**WORLDWIDE, INC.; W.P. PRODUCTIONS, INC.; AND W.P. APPLIANCES,**</u>
<u>**INC.**</u>

8.     Defendants design, manufacture, license, market, import, distribute and sell a variety of consumer kitchen products including, *inter alia*, pressure cookers, air fryers, and blenders.

9.     Defendant Wolfgang Enterprises is incorporated in the State of California with its principal place of business at 11400 West Olympic Boulevard, Suite 330, Los Angeles, CA 90064.  Defendant Wolfgang Enterprises is therefore deemed to be a citizen of the State of California for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

10.     Defendant Wolfgang Worldwide is incorporated in the State of Delaware with its principal place of business at 100 North Crescent Drive, Suite 100, Beverly Hills, California 90210.  Defendant Wolfgang Worldwide is therefore deemed to be a citizen of the State of Delaware and the State of California for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

11.     Defendant W.P. Productions was incorporated in the State of Florida with its principal place of business at 2475 Hollywood Boulevard, Hollywood, Florida 33020. Defendant W.P. Productions is therefore deemed to be a citizen of the State of Florida for purposes of diversity jurisdiction under 28 U.S.C. § 1332.  At all times material hereto, Defendant W.P. Productions was engaged in the promotion and sale of Wolfgang Puck branded kitchenware products and appliances, including the Wolfgang Puck Bistro 7-QT 4-in-1 Pressure Cooker, as part of a venture(s) with Wolfgang Worldwide and Wolfgang Enterprises, both citizens of California.  In addition, W.P. Productions purposefully directed its activities within the State of California by promoting, selling, and distributing Wolfgang Puck Bistro 7-QT 4-in-1 Pressure Cooker, in a continuous and systematic basis within the State of California.

12.     At all times material hereto, Defendant W.P. Appliances was incorporated in the State of Florida with its principal place of business at 2475 Hollywood Boulevard, Hollywood, Florida 33020.   Defendant W.P. Appliances is therefore deemed to be a resident and citizen of the State of Florida for purposes of diversity jurisdiction under 28 U.S.C. § 1332.   At all times material hereto, Defendant W.P. Appliances was engaged in the promotion and sale of Wolfgang Puck branded kitchenware products and appliances, including the Wolfgang Puck Bistro 7-QT 4-in-1 Pressure Cooker, as part of a venture(s) with Wolfgang Worldwide and Wolfgang Enterprises, both citizens of California.   In addition, W.P. Appliances purposefully directed its activities within the State of California by promoting, selling, and distributing Wolfgang Puck Bistro 7-QT 4-in-1 Pressure Cooker, in a continuous and systematic basis within the State of California.

13.     At all times relevant, Defendants substantially participated in the design, manufacture, licensing, import, distribution and/or sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

14.     Plaintiff is informed, believes, and alleges that all acts and omissions of each Defendant or Defendants alleged herein were undertaken by each of the Defendants and/or their agents, servants, employees and/or owners while acting in the course and scope of their respective agencies, services, employments and/or ownerships.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction as prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and complete diversity exists between the parties.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants Wolfgang Enterprises and Wolfgang Worldwide are residents and citizens of this district, and all Defendants have sufficient minimum contacts with the State of

1    California and have intentionally availed themselves of the markets within California

2    through the promotion, sale, licensing, marketing, import and/or distribution of their

3    products. I

4                                **FACTUAL BACKGROUND**

5          17.    Defendants are engaged in the business of designing, manufacturing,

6    licensing, warranting, marketing, importing, distributing and selling the pressure

7    cooker at issue in this litigation.

8          18.    Defendants boast that their pressure cookers have a "safety feature" that

9    will prevent the lid from opening while the unit remains under pressure.

10         19.    According to the Owner's Manual accompanying each individual unit

11   sold, said "safety feature" purportedly keeps the lid of the pressure cooker from opening

12   once the unit is pressurized.

13         20.    Specifically, the manual states that "[a]s a safety feature, the lid will not

14   open unless all pressure is reduced.":

15
16       **9**   Pressure is completely reduced when the Steam Release Dial is in
               the Vent position, (see Figure 2) and you no longer hear steam
               escaping from the valve, and the lid opens freely with no force. Only
17             then is it safe to remove pressure cooker lid and serve food. Remove
               lid by grasping the handle and twisting lid counter-clockwise. As
18             a safety feature, the lid will not open unless all pressure is reduced.
               DO NOT force the lid open if it does not open freely, this means that
19             the unit is still under pressure.

20         *See*, Wolfgang Puck BPCR0005 Use and Care manual, Exhibit A at pg. 10.

21         21.    The manual also indicates that consumers will know the pressure cooker

22   has depressurized when the lid is easy to remove.[3]

23         22.    Furthermore, Defendants repeatedly featured their pressure cookers on

24   televised HSN segments, advertising and warranting to consumers that their pressure

25   cookers were safe and that each unit comes equipped with "redundant safety features"

26   that prevent the lid from being opened while the unit is under pressure.

27   _____

28   [3] *Id*.

                                      6
                      COMPLAINT AND DEMAND FOR JURY TRIAL

23. For example, in an HSN segment about the Wolfgang Puck 8-Quart Rapid Pressure Cooker, Marian Getz, who is the author of a pressure cooker cookbook, a former baker for Wolfgang Puck, and who works in close collaboration with Wolfgang Puck,[4] represents that the lid of the pressure cooker physically cannot be opened while the unit is pressurized. She states, "once that little red part on the lid pops up, it is under pressure, and there is no getting in to that lid. *It's got redundant safety features built in so you can't open that lid*, so it makes it so safe and easy."[5]

24. In a similar HSN segment advertising the Subject Pressure Cooker, Wolfgang Puck himself asserts "[a]ll your family has to do is put it on vent. Just make sure that there's no more steam in there and then you open it up. *If there's steam in there you won't be able to open it up*."[6]

25. Later in the same segment, Marian Getz doubles down on these claims, asserting Defendants' pressure cookers are "not like the pressure cookers of old, and *how the manufacturers are doing this is building in redundant safety feature after safety feature so…the lid can't come off when it's under pressure*."[7]

26. In an HSN feature of the 5-Quart model from Defendants' Bistro Elite collection, the HSN host claims Defendants' pressure cookers are "a whole lot safer [than other pressure cookers]."[8] She goes on to say "…this is not grandma's pressure cooker, okay? I mean…we all heard those, you know, horror stories of things exploding, things ending up on the ceiling – *Does. Not. Happen.* I mean, first of all, *you cannot*

---

[4] https://www.youtube.com/watch?v=7RfUyjqBNFw (video with a runtime of 14:57) at 1:35 – 1:47 (last accessed November 16, 2022).

[5] *Id*. at 8:20 – 8:31.

[6] https://www.youtube.com/watch?v=bmjfxL6ur-s (video with a runtime of 24:14) at 5:19 – 5:27 (last accessed November 16, 2022).

[7] *Id*. at 6:16-6:37.

[8] https://www.youtube.com/watch?v=04IwSVe9SCE (video with a runtime of 18:30) at 6:38-6:52 (last accessed November 16, 2022)

1  ***open it when it's under pressure, it's physically impossible***."[9]  To this, Wolfgang

2  Puck interjects "Exactly!"[10]

3      27.  By reason of the forgoing acts or omissions, the above-named Plaintiff

4  purchased the Subject Pressure Cooker from HSN Interactive with the reasonable

5  expectation that it was properly designed and manufactured, free from defects of any

6  kind, and that it was safe for its intended, foreseeable use of cooking.

7      28.  Plaintiff used the pressure cooker for its intended purpose of preparing

8  meals for herself and/or her family, and did so in a manner that was reasonable and

9  foreseeable by the Defendants.

10      29.  However, the aforementioned pressure cooker was defectively and

11  negligently designed and manufactured by the Defendants in that it failed to properly

12  prevent the lid from being removed with normal force while the unit remained

13  pressurized, despite the appearance that all the pressure had been released, during

14  the ordinary, foreseeable and proper use of cooking food with the product; placing the

15  Plaintiff, her family, and similar consumers in danger while using the pressure

16  cookers.

17      30.  Defendants' pressure cookers possess defects that make them

18  unreasonably dangerous for their intended use by consumers because the lid can be

19  rotated and opened while the unit remains pressurized.

20      31.  Further, Defendants' representations about "safety" are not just

21  misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly

22  in harm's way.

23      32.  Economic, safer alternative designs were available that could have

24  prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

25

26

27

28

[9] *Id.*

[10] *Id.* at 6:51-6:52.

COMPLAINT AND DEMAND FOR JURY TRIAL

33.     As a direct and proximate result of Defendants' concealment of such defects, their failure to warn consumers of such defects, their negligent misrepresentations, their failure to remove a product with such defects from the stream of commerce, and their negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

34.     Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendants' pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## OTHER INCIDENTS

35.     Defendants knew or should have known that their pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendants continued to ignore and/or conceal their knowledge of the pressure cookers' defects from the general public and continue to generate a substantial profit from the sale of their pressure cookers. For example:

a. The Consumer Products Safety Commission has received several reports[11] of other similar incidents stemming from the failure of the Wolfgang Puck Elite Heavy Duty 7-quart Electric Pressure Cooker and other Pressure Cooker models with the same or similar supposed safety features and design defects, such as the following:

i. July 16, 2012: ("My mother has the bistro Wolfgang Puck pressure cooker elite 7 quart model # bpcrm040, last night around 5pm the pressure cooker exploded when she went to open it, even after all the pressure was suppose[d] to be out of it luckily she covered her face with her left arm but her left arm, neck and chest all the way

[11] The date listed is the date the report of injury was sent to Defendant, W.P. Appliances.

down past her breasts were all badly burned!  My father had to take her to the emergency room she was in so much pain!  She has burns all over and huge blisters, she is still in a lot of pain! Please anyone please use caution around this product or for that matter do not use it at all! Thank god my 1 year old son [wasn't] in the kitchen with her when this happened!")

   ii.  August 4, 2014: ("I purchased an Elite 8 Quart Pressure Cooker in May, 2014. On June 12, 2014, I was cooking white chili in my pressure cooker. I had cooked the chicken and onions until tender. I expelled the pressure in the cooker. After it was safe to open the cooker, I added a few additional ingredients which didn't take as much time to cook as the chicken. I replaced the lid on the cooker and started the pressure cooker again. It began to increase in pressure but didn't sound exactly as it had before. It was not to have built pressure if everything was not operating correctly. I leaned over the cooker to see if there was a problem and it exploded in my face. I had to go to the emergency room with 2nd degree burns on my scalp, face, shoulder and back. I was hospitalized and have had some other complications after the injuries. I am still in the process of healing.")

   iii.  November 22, 2016: ("The consumer stated that she had apples in the pressure cooker. She let the pressure off and tried to open the product. The consumer stated that the steam was out and as she tried to open it, the cooker exploded. The consumer stated that the steam and apples blew out and burned her left arm. The consumer went to the ER at [REDACTED] Hospital in [REDACTED]. The consumer had to go to the Trauma Unit. The consumer had second and third degree burns.")

b. Multiple lawsuits have been filed in State and District Courts throughout the United States, including in the State of Florida, alleging failure of the Wolfgang Puck Elite Heavy Duty 7-quart Electric Pressure Cooker and other Pressure Cooker models with the same or similar, supposed safety features, and design defects. Specifically, see the following:

  i. *Tabitha Washington v. Wolfgang Puck Worldwide, Inc., et. al.* (Filed in the Southern District of Texas, January 7, 2011) ("…Plaintiff opened the lid to the Cooker.  Immediately upon opening the lid, the gumbo spewed up from the Cooker sending boiling juices throughout the kitchen and all over Ms. Washington's body.  Immediately upon contact, the scorching juices shattered Ms. Washington's glass oven door.  As the hot mixture erupted from the Cooker, it also landed directly on Ms. Washington's clothing and bare skin causing second and third degree burns to her chest/breasts, stomach, arm, leg, and foot.") Plf. Compl. ¶¶ 14, 15.

  ii. *Teddie Pappas Potter, et. al. v. HSN, Inc., et. al.* (Filed in the Southern District of Texas, Houston Division, June 21, 2011) ("After Mr. Potter opened the pressure cooker lid slightly (less than an inch), the lid popped off exploding the burning liquid onto Mrs. Potter's arms, neck, chest, and stomach.") Plf. Compl. ¶ 14.

  iii. *Elsa A. Quadrini v. Puck, et. al.* (Filed in the Circuit Court for the County of Oakland, State of Michigan, August 5, 2011; Removed to the Eastern District of Michigan, Southern Division, September 28, 2011) ("On 08/08/2010, Plaintiff Elsa A. Quadrini used the pressure cooker to make soup; she cooked the soup for approximately 10-mins; she shut the power off and let it cool for approx. 1 hour; she depressed the pressure cooker release button

and no steam came out; she twisted off the lid and the top exploded off and steam and liquid surged out severely burning her." Plf. Compl.) ₱ 14.

iv. *Susan Bobo v. HSN, Inc., et. al. v.* (Filed in the District of South Carolina, December 29, 2011) ("On May 12, 2009, Plaintiff used the pressure cooker to cook turkey wings and in conjunction with opening the pressure cooker lid the pressure cooker exploded spewing hot juices on to her person.") Plf. Compl. ₱ 11.

v. *Michael Scotto and Diane Scotto v. HSN, Inc., et. al.* (Filed in the Eastern District of New York, April 24, 2013) ("Mr. Scotto met no resistance as he turned the lid open.  Suddenly and unexpectedly, the pressure cooker lid shot off spewing the burning liquid directly onto Mr. Scotto's chest, right and left arms, chest [sic], stomach, right and left legs, and groin.") Plf. Compl. ¶ 178.

vi. *Larysa Moccia v. HSN, Inc., et. al.* (Filed in the District of New Jersey, April 3, 2014) ("After venting the pressure cooker the indicator on the device let Plaintiff know it was safe to remove the lid.  Plaintiff slowly removed the lid and the lid popped off exploding the burning liquid onto Plaintiff's abdomen and upper extremities." Plf. Compl. ¶ 17.

vii. *Debbie Montes and Sam Montes v. Zhanjiang Hallsmart Electrical Appliance Co., Ltd., et. al.* (Filed in the Eastern District of California, July 3, 2014) ("This is a product liability action arising from a defective and malfunctioning *Wolfgang Puck 7 Quart 4-in-1 Pressure Cooker*, which was designed, manufactured, marketed, sold and distributed by the Defendants herein.  Said defective and malfunctioning Pressure Cooker caused severe bodily injuries to Plaintiff DEBBIE MONTES.") Plf. Compl. ₱ 2.

viii.   *Kelly McGowan and Richard McGowan, h/w v. Wolfgang Puck Worldwide, Inc., et. al.* (Filed in the Court of Common Pleas of Philadelphia County, July 7, 2014; Removed to the Eastern District of Pennsylvania, August 14, 2014) ("On March 17, 2013, wife-plaintiff was using her Cooker to prepare Corn Beef & Cabbage…at the conclusion of this additional period of time, she moved the cooker back on her counter at which time the lid flew up in the air, scalding her with the hot contents of the pressure cooker, causing first and second degree burns on her face, anterior chest, right upper arm, and neck.") Plf. Compl. ₱ 15.

ix.   *Joan Kazakevicuis v. HSN, Inc., et. al.* (Filed in the District of Arizona, October 17, 2014) ("This is a strict product liability case arising from a 11/18/12 explosion of a Wolfgang Puck pressure cooker which seriously injured Plaintiff.   Immediately, upon opening the cooker lid, the cooker exploded sending its scalding hot liquid contents all over the front of Joan's body and arms.") Plf. Compl. ₱₱ 1, 26.

x.   *Roxanne Jimenez v. HSN, Inc., et. al.* (Filed in the Southern District of Texas, Corpus Christi Division, January 15, 2015) ("On or about January 16, 2013, Ms. Jimenez attempted to make a bean dish with the Cooker.   When Ms. Jimenez attempted to open the Cooker, the cooker made a popping sound, exploded, and ejected its boiling contents all over Ms. Jimenez.   The hot mixture of liquid and cooked food erupted from the Cooker and landed directly on Ms. Jimenez, causing severe burns to her chest/breasts, arms, and other parts of her body." Plf. Compl. ₱₱ 14, 17, 18.

xi.   *Sharon Hall v. Wolfgang Puck Worldwide, Inc., et al.* (Filed in the Circuit Court of Cook County, Illinois, February 19, 2015; Removed

to the Northern District of Illinois, October 26, 2015) ("[O]n July 27, 2013, Plaintiff was cooking corned beef in the subject product at her apartment…Plaintiff's friend then started to turn open the lid of the pressure cooker when the lid of the cooker exploded off the cooker and the contents of the cooker also exploded out of the cooker and made contact with the person of the Plaintiff, thereby causing her severe burns and injuries as hereafter mentioned.") Plf. 2d Amend. Compl. ¶¶ 7, 12.

xii.   *Paula Ausl v. Wolfgang Puck Worldwide, Inc., et al.* (Filed in the Circuit Court of Duval County, Florida, January 18, 2019; ("Plaintiff purchased a pressure cooker from an infomercial run on television. … On or about December 16, 2016, Plaintiff was using the Pressure Cooker and followed the instructions enclosed with the Pressure Cooker. … While using the Pressure Cooker to prepare a meal, it suddenly and without warning exploded, causing scalding hot liquid, contents and steam to fly out of the Pressure Cooker and onto Plaintiff.") Plf. Compl. ¶¶ 2, 17, 18.

xiii.   *Justin Brown v. Wolfgang Puck Worldwide, Inc., et al.* (Filed in the Central District of California, December 2, 2020) ("On or about December 9, 2018 Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the Pressure Cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.") Plf. Compl. ¶ 8.

xiv.   *Tracie Nicole Barber v. Wolfgang Puck Worldwide, Inc., et. al.* (Filed in the Western District of Louisiana, Alexandria Division,

November 10, 2021) ("On or about December 22, 2020, Plaintiff was using the pressure cooker designed, marketed, imported, distributed and sold by Defendants for its intended and reasonably foreseeable purpose of cooking.  While the pressure cooker was in use for cooking, the pressure cooker's lid unexpectedly and suddenly blew off the pot in an explosive manner.  The contents of the pressure cooker were forcefully ejected out of the pot and onto Plaintiff, causing severe, disfiguring burns to, *inter alia*, her arms and breasts.") Plf. Compl. ¶¶ 17, 18.

xv.  *Angela Tate v. Wolfgang Puck Enterprises, Inc., et. al.* (Filed in the Superior Court of the State of California for the County of Los Angeles, July 25, 2022) ("On or about August 9, 2020, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the Pressure Cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.") Plf. Compl. ¶ 7.

xvi.  *Tara Hargrove v. Wolfgang Puck Enterprises, Inc., et. al.* (Filed in the Central District of California, April 29, 2022) ("On or about May 12, 2020, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the Pressure Cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.") Plf. Compl. ¶ 7.

xvii.  *Shabana Amin v. Wolfgang Puck, et. al.* (Filed in the Circuit Court

of Pinellas County, Florida, November 16, 2016) ("As a direct and proximate result of Defendants' collective negligence and wrongful conduct as described herein, Plaintiff Amin has suffered, and will continue to suffer, catastrophic physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering and severe permanent scarring as a result of the incident.") Plf. Compl. ¶ 48.

## FIRST CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY

PLAINTIFF, FOR A FIRST CAUSE OF ACTION AGAINST WOLFGANG PUCK ENTERPRISES, INC., WOLFGANG PUCK WORLDWIDE, INC., W.P. PRODUCTIONS, INC., AND W.P. APPLIANCES, INC., ALLEGES AS FOLLOWS:

36. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

37. At the time of Plaintiff's injuries, Defendants' pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

38. Defendants' pressure cookers were in the same or substantially similar condition as when they left the possession of the Defendants.

39. Plaintiff and her family did not misuse or materially alter the pressure cooker.

40. The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

41. Further, a reasonable person would conclude that the possibility and risk of harm outweigh the burden or cost of making the pressure cookers safe. Specifically:

a. The pressure cookers designed, manufactured, sold, and supplied by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for

consumers;

b. The seriousness of the potential burn injuries resulting from the use of the product drastically outweigh any benefit that could be derived from the product's normal, intended use;

c. Defendants failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

d. Defendants failed to warn and place adequate warnings and instructions on the pressure cookers;

e. Defendants failed to adequately test the pressure cookers; and

f. Defendants failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented Plaintiff's injuries and damages.

42. At the time of Plaintiff's injuries, Defendants' pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

43. Defendants' actions and omissions were the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered**.**

## SECOND CAUSE OF ACTION
## <u>NEGLIGENT PRODUCTS LIABILITY</u>

PLAINTIFF, FOR A SECOND CAUSE OF ACTION AGAINST WOLFGANG PUCK ENTERPRISES, INC., WOLFGANG PUCK WORLDWIDE, INC., W.P. PRODUCTIONS, INC., AND W.P. APPLIANCES, INC., ALLEGES AS FOLLOWS:

44.   Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

45.   Defendants had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

46.   Defendants failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of their pressure cookers in that Defendants knew or should have known that said pressure cookers created a high risk of unreasonable harm to Plaintiff and similarly situated consumers alike.

47.   Defendants were negligent in the design, manufacture, advertising, warning, marketing and sale of their pressure cookers in that, among other things, they:

    a.   Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

    b.   Placed an unsafe product into the stream of commerce; and

    c.   Were otherwise careless or negligent.

48.   Despite the fact that Defendants knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendants continued to market their pressure cookers to the general public.

**WHEREFORE,** Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

**THIRD CAUSE OF ACTION**

**BREACH OF EXPRESS WARRANTY**

PLAINTIFF, FOR A THIRD CAUSE OF ACTION AGAINST WOLFGANG PUCK ENTERPRISES, INC., WOLFGANG PUCK WORLDWIDE, INC., W.P. PRODUCTIONS, INC., AND W.P. APPLIANCES, INC., ALLEGES AS FOLLOWS:

49.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

50.    Defendants expressly warranted that their pressure cookers were safe and effective to members of the consuming public, including Plaintiff Amin and her family.  Moreover, Defendants expressly warranted that the lid of the pressure cooker could not be removed while the united remained pressurized.  For example, the pressure cooker's Use & Care Manual states that "[a]s a safety feature, the lid will not open unless all pressure is reduced."[12]

51.    Members of the consuming public, including consumers such as Plaintiff, were the intended third-party beneficiaries of the warranty.

52.    Defendants marketed, promoted, and sold their pressure cookers as a safe product, complete with "safety feature after safety feature"[13] and repeatedly advertised to consumers that the lid of the pressure cooker could not physically be removed while the unit remained pressurized.[14]  Specifically, "[a]s a safety feature, the lid will not open unless all pressure is reduced."[15]

53.    Defendants' pressure cookers do not conform to these express representations because the lid can be removed using normal force while the units

---

[12] Wolfgang Puck BPCR0005 Use and Care manual, pg. 10.

[13] https://www.youtube.com/watch?v=bmjfxL6ur-s (video with a runtime of 24:14) at 6:16 – 6:37 (last accessed November 16, 2022).

[14] *See* e.g. https://www.youtube.com/watch?v=04IwSVe9SCE (video with a runtime of 18:30) at 6:38-6:52 (last accessed November 16, 2022)

[15] Wolfgang Puck BPCR0005 Use and Care manual, pg. 10.

remain pressurized, despite the appearance that the pressure has been released, making the pressure cookers not safe for use by consumers.

54.    Defendants breached their express warranties in one of more of the following ways:

    a.  The pressure cookers as designed, manufactured, sold and/or supplied by the Defendants, were defectively designed and placed into the stream of commerce by Defendants in a defective and unreasonably dangerous condition;

    b.  Defendants failed to warn and/or place adequate warnings and instructions on their pressure cookers;

    c.  Defendants failed to adequately test their pressure cookers; and

    d.  Defendants failed to provide timely and adequate post-marketing warnings and instructions after they knew the risk of injury from their pressure cookers.

55.    Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

56.    Plaintiff's injuries were the direct and proximate result of Defendants' breach of their express warranties.

**WHEREFORE,** Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

### FOURTH CAUSE OF ACTION

### <u>BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY</u>

PLAINTIFF, FOR A FOURTH CAUSE OF ACTION AGAINST WOLFGANG PUCK ENTERPRISES, INC., WOLFGANG PUCK WORLDWIDE, INC., W.P.

PRODUCTIONS, INC., AND W.P. APPLIANCES, INC., ALLEGES AS FOLLOWS:

57. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

58. At the time Defendants marketed, distributed and sold their pressure cookers to Plaintiff, Defendants warranted that their pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

59. Members of the consuming public, including consumers such as Plaintiff and her family, were intended third-party beneficiaries of the warranty.

60. Plaintiff and her family reasonably relied on Defendants' representations that their pressure cookers were a quick, effective and safe means of cooking.

61. Defendants' pressure cookers were not merchantable because they had the propensity to lead to serious personal injuries, as described herein in this Complaint.

62. Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

63. Defendants' breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

### FIFTH CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

PLAINTIFF, FOR A FIFTH CAUSE OF ACTION AGAINST WOLFGANG PUCK ENTERPRISES, INC., WOLFGANG PUCK WORLDWIDE, INC., W.P.

1 PRODUCTIONS, INC., AND W.P. APPLIANCES, INC., ALLEGES AS FOLLOWS:

2      64.    Plaintiff incorporates by reference each preceding and succeeding
3 paragraph as though set forth fully at length herein.

4      65.    Defendants manufactured, supplied, and sold their pressure cookers with
5 an implied warranty that they were fit for the particular purpose of cooking quickly,
6 efficiently and safely.

7      66.    Members of the consuming public, including consumers such as Plaintiff
8 and her family were the intended third-party beneficiaries of the warranty.

9      67.    Defendants' pressure cookers were not fit for their particular purpose as
10 a safe means of cooking due to the unreasonable risks of bodily injury associated with
11 their use.

12      68.    Plaintiff and her family reasonably relied on Defendants' representations
13 that their pressure cookers were a quick, effective and safe means of cooking.

14      69.    Defendants' breach of the implied warranty of fitness for a particular
15 purpose was the direct and proximate cause of Plaintiff's injuries and damages.

16      **WHEREFORE,** Plaintiff demands judgment against Defendants for damages,
17 together with interest, costs of suit, attorneys' fees, and all such other relief as the
18 Court deems proper.   Plaintiff reserves the right to amend the complaint to seek
19 punitive damages if and when evidence or facts supporting such allegations are
20 discovered**.**

21                          **SIXTH CAUSE OF ACTION**
22                     <u>**FRAUDULENT MISREPRESENTATION**</u>

23      PLAINTIFF, FOR A SIXTH CAUSE OF ACTION AGAINST WOLFGANG
24 PUCK ENTERPRISES, INC., WOLFGANG PUCK WORLDWIDE, INC., W.P.
25 PRODUCTIONS, INC., AND W.P. APPLIANCES, INC., ALLEGES AS FOLLOWS:

26      70.    Plaintiff incorporates by reference each preceding and succeeding
27 paragraph as though set forth fully at length herein.

28      71.    Defendants owed a duty to provide accurate and complete information

1   regarding their pressure cookers to consumers.

2        72.   Defendants falsely and fraudulent represented that their pressure

3   cookers were safe for their intended, foreseeable use of cooking to Plaintiff and

4   consumers like her.

5        73.   However, in reality, Defendants' pressure cookers are unreasonably

6   dangerous and pose a significant risk of severe bodily harm and injury to consumers.

7        74.   Defendants falsely and fraudulently represented to Plaintiff and

8   consumers like her that their pressure cookers come equipped with "redundant safety

9   features"[16] that ensure that the pressure cooker's lid cannot be removed while the unit

10  retains pressure.   Defendants repeatedly represented that it was "physically

11  impossible" to remove the unit's lid while the unit was under pressure.[17]

12       75.   These representations were patently false in that the lid of the pressure

13  cooker is, in fact, capable of being removed while built-up pressure, heat, and steam

14  remain inside the unit.   When the lid is removed under these circumstances, the

15  pressure trapped within the unit forces the scalding hot contents to be forcibly ejected

16  from the unit and onto consumers, resulting in catastrophic bodily injuries and

17  damages.

18       76.   At the time they made the above-described representations, Defendants

19  knew that these misrepresentations and/or omissions were material and that they

20  were false, incomplete, misleading, deceptive, and deceitful.

21       77.   Defendants made the above-described representations for the purpose of

22  deceiving and defrauding consumers, including Plaintiff, and with the intention of

23  having consumers act and rely on such misrepresentations and/or omissions.

24       78.   At all times material hereto, Plaintiff was ignorant of the falsity of the

25

26  ---

[16] *See* e.g. https://www.youtube.com/watch?v=7RfUyjqBNFw (video with a runtime of

27  14:57) at 8:20 – 8:31 (last accessed November 16, 2022).

28  [17] *See* e.g. https://www.youtube.com/watch?v=04IwSVe9SCE (video with a runtime of
18:30) at 6:38-6:52 (last accessed November 16, 2022)

1  representations and reasonably believed them to be true.

2  79.  In reasonable reliance upon these representations, Plaintiff was induced

3  to, and did, purchase the pressure cooker.

4  80.  If Plaintiff had known the actual facts, she would not have purchased

5  Defendants' pressure cooker.

6  81.  Defendants' combined fraud and deceit was the direct and proximate

7  cause of Plaintiff's injuries and damages.

8  **WHEREFORE,** Plaintiff demands judgment against Defendants for damages,

9  together with interest, costs of suit, attorneys' fees, and all such other relief as the

10  Court deems proper.  Plaintiff reserves the right to amend the complaint to seek

11  punitive damages if and when evidence or facts supporting such allegations are

12  discovered**.**

13  ### SEVENTH CAUSE OF ACTION

14  ### NEGLIGENT MISREPRESENTATION

15  PLAINTIFF, FOR A SEVENTH CAUSE OF ACTION AGAINST WOLFGANG

16  PUCK ENTERPRISES, INC., WOLFGANG PUCK WORLDWIDE, INC., W.P.

17  PRODUCTIONS, INC., AND W.P. APPLIANCES, INC., ALLEGES AS FOLLOWS:

18  82.  Plaintiff incorporates by reference each preceding and succeeding

19  paragraph as though set forth fully at length herein.

20  83.  Defendants had an absolute duty to disclose the true facts regarding the

21  safety of their pressure cookers as the only entities capable of knowing and reporting

22  the true facts regarding the safety, testing, design, manufacture, and performance of

23  the pressure cookers.

24  84.  However, the representations made by Defendants, both written and oral,

25  were false.

26  85.  Furthermore, Defendants had a duty to ensure that they had a reasonable

27  basis for making the representations described in this complaint.

28  86.  Specifically, Defendants had a duty to ensure that they had a reasonable

basis for making the representation that the pressure cooker's lid could not be removed while the unit retained pressure and that it was "physically impossible" for a consumer to do so.

87. Defendants failed to exercise ordinary care in their representations concerning their pressure cookers because Defendants misrepresented the safety of said pressure cookers and the effectiveness of their purported safety features.

88. Defendants breached their duty in representing to consumers that their pressure cookers were safe for their intended, foreseeable use of cooking and that the lid of the pressure could not be removed while the unit was under-pressure.

89. At all times material hereto, Plaintiff was ignorant of the falsity of the representations and reasonably believed them to be true.

90. In reasonable reliance upon these representations, Plaintiff was induced to, and did, purchase the pressure cooker.

91. If Plaintiff had known the actual facts, she would not have purchased Defendants' pressure.

92. Defendants' combined conduct, including their actions, omissions, and representations, were the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## INJURIES & DAMAGES

93. As a direct and proximate result of Defendants' collective negligence and wrongful misconduct as described herein, Plaintiff has suffered, and will continue to suffer, physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff

is entitled to recover damages from Defendants for these injuries in an amount which shall be proven at trial.

94.     As a direct and proximate result of Defendants' collective negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred, and will continue to incur, the loss of full enjoyment of life, and has sustained permanent scarring and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for the loss of full enjoyment of life and her scarring and disfigurement from Defendants in an amount to be proven at trial.

95.     As a direct and proximate result of Defendants' collective negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred, and will continue to incur, expenses for medical care and treatment, as well as other expenses, related to the catastrophic burns she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendants for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

A. That Plaintiff has a trial by jury on all of the claims and issues;

B. That judgment be entered in favor of Plaintiff and against Defendants on all of the aforementioned claims and issues;

C. That Plaintiff recover all damages against Defendants, general damages and special damages, including economic and non-economic, to compensate Plaintiff for the injuries and suffering she sustained because of Defendants' defective pressure cooker;

D. That all costs be taxed against Defendants;

E. That prejudgment interest be awarded according to proof;

F. That Plaintiff be awarded attorneys' fees to the extent permissible under Federal and California law; and

COMPLAINT AND DEMAND FOR JURY TRIAL

G.  That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Dated: November 18, 2022                    **HARLAN LAW, P.C**

                                            */s/ Jordon Harlan, Esq*
                                            Jordon Harlan, Esq. (CA #273978)
                                            2447 Pacific Coast Highway, 2nd Floor
                                            Hermosa Beach, CA 90254
                                            Telephone: (619) 870-0802
                                            Fax: (619) 870-0815
                                            Email: jordon@harlanpc.com

                                            *In association with*:




                                            **JOHNSON BECKER, PLLC.**

                                            Adam J. Kress, Esq. (MN #0297289)
                                            *Pro Hac Vice to be filed*
                                            Anna R. Rick, Esq. (MN #0401065)
                                            *Pro Hac Vice to be filed*
                                            444 Cedar Street, Suite 1800
                                            St. Paul, MN 55101
                                            Telephone: (612) 436-1800
                                            Fax: (612) 436-1801
                                            Email: akress@johnsonbecker.com
                                            Email: arick@johnsonbecker.com

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all the claims asserted in this Complaint so triable.

**Dated: November 18, 2022**                    By:    */s/ Jordon Harlan, Esq.*
**Jordon Harlan, Esq. (CA #273978)**